**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| CP HOLDINGS LLC, *et al.* | Case No. 21-10950 (LSS) |
| Debtors.[1] | (Jointly Administered) |
| | **RE: Docket No. 5** |

**INTERIM ORDER AUTHORIZING DEBTORS TO (I) MAINTAIN EXISTING
INSURANCE POLICIES AND PAY ALL INSURANCE OBLIGATIONS ARISING
THEREUNDER, (II) RENEW, EXTEND, SUPPLEMENT, CHANGE OR ENTER INTO
NEW INSURANCE POLICIES AND (III) CONTINUE THEIR INSURANCE PREMIUM
FINANCE AGREEMENTS**

Upon the motion (the "Motion")[2] of the Debtors for an interim order (this "Interim Order") and a Final Order under sections 105(a), 363, 1107(a) and 1108 of the Bankruptcy Code and Bankruptcy Rules 6003 and 6004, authorizing, but not directing, the Debtors to (a) maintain existing Insurance Policies and pay on an uninterrupted basis all premiums, deductibles, administration costs and brokers' fees arising thereunder or in connection therewith that are paid for by the Debtors in the ordinary course of business, including any insurance obligations for prepetition periods (together the "Insurance Obligations"), (b) renew, revise, extend, supplement, change or enter into new insurance policies as needed in their business judgment without further order of this Court, and (c) continue the Debtors' insurance premium financing agreements and renew or enter into new premium financing agreements, as necessary, under substantially similar terms; and upon consideration of the First Day Declaration; and the Court having jurisdiction to

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each debtor's tax identification number, as applicable, are as follows: CP Holdings LLC (6188) and Pacrim U.S. LLC (0479). The Debtors' mailing address is 3141 Hood Street, Suite 220, Dallas, TX 75219 c/o Sean Broadbent (solely for purposes of notices and communications).

[2] Capitalized terms used but not defined herein shall have the meanings set forth in the Motion.

consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and the matter being a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and the Court being able to issue a final order consistent with Article III of the United States Constitution; and venue of these proceedings and the Motion being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and due and sufficient notice of the Motion having been given under the particular circumstances; and it appearing that no other or further notice is necessary; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors and other parties-in-interest; and after due deliberation thereon; and good and sufficient cause appearing therefor; it is hereby

**ORDERED, ADJUDGED, AND DECREED that:**

1.      The Motion is GRANTED on an interim basis as set forth herein.

2.      The Debtors are authorized, but not directed, to maintain the Insurance Policies and to pay the Insurance Obligations as they become due.  Pending entry of the Final Order, the Debtors are authorized to pay: (1) to AlaComp $3,883.00 in connection with the AL Workers Comp Policy; and (2) the postpetition amount due to the Finance Company on or before July 1, 2021 and July 8, 2021 under the PFAs totaling $12,482.22.

3.      Without further order of this Court, the Debtors are authorized, but not directed, to renew, revise, extend, supplement, change or enter into new insurance coverage, including any tail coverage for the D&O policies, in the ordinary course of business as needed in their business judgment.

4.      The Debtors are authorized to continue the Debtors' PFAs with the Finance Company and renew or enter into new premium finance agreements, as necessary, under

substantially similar terms and to pay the installment payments under any such new premium finance agreements as they become due in the ordinary course of business.

5.      All Banks are authorized and directed to receive, process, honor, and pay any and all prepetition and postpetition checks, drafts, electronic transfers and other forms of payment used by the Debtors to satisfy their Insurance Obligations, whether presented before, on, or after the Petition Date; *provided* that sufficient funds are on deposit in the applicable accounts to cover such payments.  The Banks shall rely on the direction and representations of the Debtors as to which checks and fund transfers should be honored and paid pursuant to this Interim Order, and no such Bank shall have any liability to any party for relying on such direction and representations by the Debtors as provided for in this Interim Order or for inadvertently honoring or dishonoring any check or fund transfer.

6.      The Debtors are authorized to issue new postpetition checks to replace any checks, drafts, and other forms of payment, or effect new postpetition electronic transfers, on account of the Insurance Obligations, which may be inadvertently dishonored or rejected and to reimburse any expenses that may be incurred as a result of any bank's failure to honor a prepetition check.

7.      Any party receiving payment from the Debtors is authorized and directed to rely upon the representations of the Debtors as to which payments are authorized by this Interim Order.

8.      Nothing in the Motion or this Interim Order or the relief granted (including any actions taken or payments made by the Debtors pursuant thereto) shall be construed as (a) authority to assume or reject any executory contract or unexpired lease of real property, or as a request for the same; (b) an admission as to the validity, priority, or character of any claim or

other asserted right or obligation, or a waiver or other limitation on the Debtors' ability to contest the same on any ground permitted by bankruptcy or applicable non-bankruptcy law; (c) a promise to pay any claim or other obligation; or (d) bestowing any additional rights on any third party.

9.      Nothing in the Motion or this Interim Order shall be deemed to authorize (a) the payment of any amounts that are subject to Bankruptcy Code section 503(c) or (b) a violation of section 503(c) of the Bankruptcy Code.

10.     The Court finds and determines that the requirements of Bankruptcy Rule 6003 are satisfied and that the relief requested is necessary to avoid immediate and irreparable harm.

11.     Notwithstanding Bankruptcy Rule 6004(h), this Interim Order shall be effective and enforceable immediately upon entry hereof.

12.     The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Interim Order.

13.     The final hearing on the Motion shall be held on **July 16, 2021 at 11:00 a.m. (prevailing Eastern time)**.  Any objections or responses to the entry of the proposed Final Order shall be filed with the Court and served on the following no later than **4:00 p.m. (prevailing Eastern time) on July 9, 2021**: (a) The Debtors, 3141 Hood Street, Suite 220, Dallas, TX 75219 (Attn: Sean Broadbent, CFO); (b) proposed counsel for the Debtors, Cole Schotz P.C., 500 Delaware Avenue, Suite 1410, Wilmington, Delaware 19801 (Attn: Patrick Reilley, Esq.) and 25 Main Street, Hackensack, NJ 07601 (Attn. Warren A. Usatine, Esq. and Felice R. Yudkin, Esq.); (c) counsel to the Debtors' prepetition secured lender and DIP Lender, Ropes & Gray LLP, 1211 Avenue of the Americas, New York, NY 10036-8704 (Attn: Gregg M. Galardi, Esq.); (d) counsel to any statutory committee appointed in the Chapter 11 Cases; and (e) the United States

Trustee for the District of Delaware, 844 King Street, Suite 2207, Wilmington, Delaware 19801 (Attn: Linda J. Casey, Esq.). If no objections or responses are filed and served, this Court may enter a final order without further notice or hearing.

14.     This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation or enforcement of this Interim Order.

**Dated: June 23rd, 2021**
**Wilmington, Delaware**

**LAURIE SELBER SILVERSTEIN**
**UNITED STATES BANKRUPTCY JUDGE**