**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| CP HOLDINGS LLC, *et al.* | Case No. 21-10950 (LSS) |
| Debtors.[1] | (Jointly Administered) |
| | **RE: Docket No. 5** |

**FINAL ORDER AUTHORIZING DEBTORS TO (I) MAINTAIN EXISTING
INSURANCE POLICIES AND PAY ALL INSURANCE OBLIGATIONS ARISING
THEREUNDER, (II) RENEW, EXTEND, SUPPLEMENT, CHANGE OR ENTER INTO
NEW INSURANCE POLICIES AND (III) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the Debtors for an Interim Order and Final order

(this "Final Order") under sections 105(a), 363, 1107(a) and 1108 of the Bankruptcy Code and

Bankruptcy Rules 6003 and 6004, authorizing, but not directing, the Debtors to (a) maintain

existing Insurance Policies and pay on an uninterrupted basis all premiums, deductibles,

administration costs, and brokers' fees arising thereunder or in connection therewith that are paid

for by the Debtors in the ordinary course of business, including any insurance obligations for

prepetition periods (together the "Insurance Obligations"), (b) renew, revise, extend, supplement,

change, or enter into new insurance policies as needed in their business judgment without further

order of this Court, and (c) continue the Debtors' insurance premium financing agreements and

renew or enter into new premium financing agreements, as necessary, under substantially similar

terms; and upon consideration of the First-Day Declaration; and the Interim Order entered on

June 23, 2021; and the Court having jurisdiction to consider the Motion and the relief requested

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each debtor's tax identification number, as applicable, are as follows: CP Holdings LLC (6188) and Pacrim U.S. LLC (0479).  The Debtors' mailing address is 3141 Hood Street, Suite 220, Dallas, TX 75219 c/o Sean Broadbent (solely for purposes of notices and communications).

[2]     Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion.

therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and the matter being a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and the Court being able to issue a final order consistent with Article III of the United States Constitution; and venue of this proceeding and the Motion being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and due and sufficient notice of the Motion having been given under the particular circumstances; and it appearing that no other or further notice is necessary; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors and other parties-in-interest; and after due deliberation thereon; and good and sufficient cause appearing therefor; it is hereby

**ORDERED, ADJUDGED, AND DECREED that:**

1.      The Motion is GRANTED on a final basis as set forth herein.

2.      The Debtors are authorized, but not directed, to maintain the Insurance Policies and to pay the Insurance Obligations as they become due.

3.      The Debtors are authorized, but not directed, to pay all Insurance Obligations attributable to the prepetition period, including any outstanding prepetition amounts owed to the Insurance Brokers.

4.      Without further order of this Court, the Debtors are authorized, but not directed, to renew, revise, extend, supplement, change or enter into new insurance coverage, including any tail coverage for the D&O Policies, in the ordinary course of business as needed in their business judgment.

5.      The Debtors are authorized to continue the Debtors' PFAs with the Finance Company and renew or enter into new premium finance agreements, as necessary, under

substantially similar terms and to pay the installment payments under any such new premium finance agreements as they become due in the ordinary course of business.

6. All Banks are authorized and directed to receive, process, honor, and pay any and all prepetition and postpetition checks, drafts, electronic transfers, and other forms of payment used by the Debtors to satisfy their Insurance Obligations, whether presented before, on, or after the Petition Date; *provided* that sufficient funds are on deposit in the applicable accounts to cover such payments. The Banks shall rely on the direction and representations of the Debtors as to which checks and fund transfers should be honored and paid pursuant to this Final Order, and no such Bank shall have any liability to any party for relying on such direction and representations by the Debtors as provided for in this Final Order or for inadvertently honoring or dishonoring any check or fund transfer.

7. The Debtors are authorized to issue new postpetition checks to replace any checks, drafts, and other forms of payment, or effect new postpetition electronic transfers, on account of the Insurance Obligations, which may be inadvertently dishonored or rejected and to reimburse any expenses that may be incurred as a result of any bank's failure to honor a prepetition check.

8. Any party receiving payment from the Debtors is authorized and directed to rely upon the representations of the Debtors as to which payments are authorized by this Final Order.

9. Nothing in the Motion or this Final Order or the relief granted (including any actions taken or payments made by the Debtors pursuant thereto) shall be construed as (a) authority to assume or reject any executory contract or unexpired lease of real property, or as a request for the same; (b) an admission as to the validity, priority, or character of any claim or other asserted right or obligation, or a waiver or other limitation on the Debtors' ability to contest

the same on any ground permitted by bankruptcy or applicable non-bankruptcy law; (c) a promise to pay any claim or other obligation; or (d) bestowing any additional rights on any third party.

10.     Nothing in the Motion or this Final Order shall be deemed to authorize (a) the payment of any amounts that are subject to Bankruptcy Code section 503(c) or (b) a violation of section 503(c) of the Bankruptcy Code.

11.     The Court finds and determines that the requirements of Bankruptcy Rule 6003 are satisfied and that the relief requested is necessary to avoid immediate and irreparable harm.

12.     Notwithstanding Bankruptcy Rule 6004(h), this Final Order shall be effective and enforceable immediately upon entry hereof.

13.     The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Final Order.

14.     This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation or enforcement of this Final Order.

**Dated: July 15th, 2021**
**Wilmington, Delaware**

**LAURIE SELBER SILVERSTEIN**
**UNITED STATES BANKRUPTCY JUDGE**