**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| CP HOLDINGS LLC, *et al.*, | Case No. 21-10950 (LSS) |
| Debtors.[1] | (Jointly Administered) |
| | **Related to Docket Nos. 49 and 102** |

**ORDER (I) SCHEDULING A HEARING ON THE APPROVAL OF THE SALE OF ALL OR SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS FREE AND CLEAR OF ALL ENCUMBRANCES OTHER THAN ASSUMED LIABILITIES, AND THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES, (II) APPROVING CERTAIN BIDDING PROCEDURES AND ASSUMPTION AND ASSIGNMENT PROCEDURES, AND THE FORM AND MANNER OF NOTICE THEREOF, AND (III) GRANTING RELATED RELIEF**

Upon consideration of the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for the entry of: (a) an order, (i) scheduling a hearing (the "Sale Hearing") on approval of the proposed sale (the "Sale") of all or substantially all of the Debtors' Assets (the "Purchased Assets"), free and clear of all liens, liabilities, claims, interests, and encumbrances other than Assumed Liabilities and Permitted Liens to Tor Asia Credit Master Fund LP (the "Stalking Horse Purchaser") or, in the event the Stalking Horse Purchaser is not the Winning Bidder, then to the Winning Bidder, and authorizing the assumption and assignment of certain executory contracts and unexpired leases (each, a "Purchased Contract," and collectively, the "Purchased Contracts") in connection therewith; (ii) authorizing and approving

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each debtor's tax identification number, as applicable, are as follows: CP Holdings LLC (6188) and Pacrim U.S. LLC (0479). The Debtors' mailing address is 3141 Hood Street, Suite 220, Dallas, TX 75219 c/o Sean Broadbent (solely for purposes of notices and communications).

[2] Capitalized terms used but not defined herein shall have the meanings given them in the Bidding Procedures (as defined below), or to the extent not defined therein, the Motion or the Stalking Horse APA.

certain bidding procedures for the Sale attached hereto as **Exhibit 1** (collectively, the "Bidding Procedures"), and (iii) granting related relief; and (b) an order (the "Sale Order"), (i) authorizing and approving the Debtors' entry into the Asset Purchase Agreement attached to the Motion as **Exhibit C** (the "Stalking Horse APA") with the Stalking Horse Purchaser or, in the event the Stalking Horse Purchaser is not the Winning Bidder, then an Alternative APA with the Winning Bidder; (ii) authorizing and approving the Sale, free and clear of all liens, liabilities, claims, interests, and encumbrances other than Assumed Liabilities and Permitted Liens; (iii) authorizing and approving the assumption and assignment of the Purchased Contracts in connection therewith; and (iv) granting related relief; and due and proper notice of the Motion having been given; and it appearing that no other or further notice of the Motion is required except as set forth herein; and it appearing that the Court has jurisdiction to consider the Motion in accordance with 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order; and it appearing that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and it appearing that venue of this proceeding and the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having reviewed the Motion; and the Bidding Procedures Hearing having been held; and the Court having found and determined that the relief set forth herein is in the best interests of the Debtors, their estates and creditors and all parties in interest, and that the legal and factual bases set forth in the Motion and at the Bidding Procedures Hearing establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is hereby

**FOUND AND DETERMINED THAT:**[3]

A.      This Court has jurisdiction to consider the Motion in accordance with 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order.

---

[3] The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To

B.       Venue of this proceeding and the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

C.       The statutory and legal predicates for the relief requested in the Motion and provided for herein are sections 105, 363, 365, 503 and 507 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), Rules 2002, 6004, 6006, and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2002-1 and 6004-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

D.       In the Motion and at the hearing on the relief set forth herein (the "Bidding Procedures Hearing"), the Debtors demonstrated that good and sufficient notice of the relief granted by this Order has been given and no further notice is required except as otherwise provided for herein.  A reasonable opportunity to object or be heard regarding the relief granted by this Order (including, without limitation, with respect to the Bidding Procedures) has been afforded to those parties entitled to notice pursuant to Bankruptcy Rule 2002 and all other interested parties.

E.       The Sale Notice (as defined below), in substantially in the form attached hereto as **Exhibit 2**, is appropriate and reasonably calculated to provide all interested parties with timely and proper notice of this Order, the Bidding Procedures, the auction for the Purchased Assets (the "Auction"), the Sale, and the Sale Hearing, and any and all objection deadlines related thereto, and no other or further notice is required of the foregoing.

F.       The Bidding Procedures are: (i) fair, reasonable, and appropriate; and (ii) designed to maximize recovery with respect to the Sale.

---

the extent that any of the following findings of fact constitute conclusions of law, they are adopted as such.  To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

3

G.     The Assumption Notice (as defined below), in substantially in the form attached hereto as **Exhibit 3**, is reasonable and appropriate and consistent with the provisions of section 365 of the Bankruptcy Code and Bankruptcy Rule 6006. The Assumption Notice has been tailored to provide an adequate opportunity for all counterparties to the Purchased Contracts sufficient notice and satisfies the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

H.     Entry of this Order is in the best interests of the Debtors, their estates and creditors and all other interested parties.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1.     Those portions of the Motion seeking approval of (a) the Bidding Procedures, (b) the date and time of the Sale Hearing, and (c) the noticing and objection procedures related to each of the foregoing, including, without limitation, the notice of the Sale and the entry of this Order, substantially in the form attached hereto as **Exhibit 2** (the "Sale Notice"), and the notice of the Debtors' potential assumption and assignment of the Purchased Contracts, substantially in the form attached hereto as **Exhibit 3** (the "Assumption Notice") (subclauses (a) – (c) above, collectively, the "Bidding and Auction Process"), are hereby GRANTED to the extent set forth herein.

2.     The Stalking Horse APA shall be deemed a Qualified Bid for purposes of this Order and the Bidding Procedures.

3.     Any objections to the Motion as it pertains to the Bidding and Auction Process or the relief granted by this Order that have not been withdrawn, waived or settled, and all reservations of rights included therein, are hereby overruled and denied on the merits with prejudice.

4. The Bidding Procedures are hereby approved. The failure to specifically include or reference any particular provision of the Bidding Procedures in the Motion or this Order shall not diminish or otherwise impair the effectiveness of such procedures, it being this Court's intent that the Bidding Procedures are approved in their entirety, as if fully set forth in this Order. The Debtors are hereby authorized to conduct the Auction pursuant to the terms of the Bidding Procedures and this Order.

5. The Debtors shall have the right, in their reasonable discretion, to withhold or limit access to any due diligence information that the Debtors determine is business-sensitive or otherwise not appropriate for disclosure to a Qualifying Bidder.

6. For all purposes under the Bidding Procedures: (a) the Stalking Horse Purchaser shall be considered a Qualifying Bidder, and the Stalking Horse APA shall be considered a Qualifying Bid; (b) the Stalking Horse Purchaser is, and will be deemed to be, a Qualifying Bidder for all purposes under the Bidding Procedures, without regard to any of the requirements or conditions set forth herein and without any other or further action by the Stalking Horse Purchaser; and (c) in determining whether the Potential Bidders constitute Qualifying Bidders, the Debtors may consider a combination of bids for the Purchased Assets .

7. The Bidding Procedures shall apply to the Potential Bidders, the Qualifying Bidders, the submission, receipt, and analysis of all bids relating to the Sale, and the conduct of the Sale and the Auction.

8. The following "<u>Assumption and Assignment Procedures</u>" are hereby approved:

(a) On or before August 27, 2021 (the "<u>Assumption Notice Deadline</u>"), the Debtors shall file with the Court and serve on each counterparty (each, a "<u>Counterparty</u>," and collectively, the "<u>Counterparties</u>") to a Purchased Contract an Assumption Notice.

(b) The Assumption Notice shall include, without limitation, the cure amount (each, a "<u>Cure Amount</u>"), if any, that the Debtors believe is required to be paid to the

5

applicable Counterparty under section 365(b)(1)(A) and (B) of the Bankruptcy Code for each of the Purchased Contracts.  If a Counterparty objects to (i) the assumption and assignment of the Counterparty's Purchased Contract or (ii) the Cure Amount for its Purchased Contract, the Counterparty must file with the Court and serve on the Objection Notice Parties (as defined below) a written objection (a "Contract Objection") on or before the applicable objection deadline set forth in these Assumption and Assignment Procedures.

(c)   Any Contract Objection shall: (i) be in writing; (ii) comply with the Bankruptcy Rules and the Local Rules; (iii) be filed with the Clerk of the Court, 824 N. Market Street, 3rd Floor, Wilmington, Delaware 19801 **on or before 4:00 p.m. (ET) on September 24, 2021** (the "Contract Objection Deadline"), and proof of service of such Contract Objection upon the Objection Notice Parties shall be filed with the Court as and when required by the Local Rules; (iv) be served upon the Objection Notice Parties; and (v) state with specificity the grounds for such objection, including, without limitation, the fully liquidated cure amount and the legal and factual bases for any unliquidated cure amount that the Counterparty believes is required to be paid under section 365(b)(1)(A) and (B) of the Bankruptcy Code for the Purchased Contract, along with the specific nature and dates of any alleged defaults, the pecuniary losses, if any, resulting therefrom, and the conditions giving rise thereto.

*\*Any Contract Objections solely on the basis of adequate assurance of future performance by the Stalking Horse Purchaser or a Winning Bidder other than the Stalking Horse Purchaser shall be filed not later than October 11, 2021 at noon (ET).\*\**

(d)   The "Objection Notice Parties" are as follows: (i) proposed counsel to the Debtors, Cole Schotz P.C., 500 Delaware Avenue, Suite 1410, Wilmington, Delaware 19801, Attn: Patrick Reilley (preilley@coleschotz.com) and Cole Schotz P.C., 25 Main Street, Hackensack, NJ 07601, Attn: Warren Usatine (wusatine@coleschotz.com), Felice Yudkin (fyudkin@coleschotz.com), and Matteo Percontino (mpercontino@coleschotz.com); (ii) counsel to any official committee of unsecured creditors appointed in the Chapter 11 cases; (iii) counsel to the Stalking Horse Purchaser, (a) Ropes & Gray LLP, 1211 Avenue of the Americas, New York, New York 10036, Attn: Gregg M. Galardi (gregg.galardi@ropesgray.com); and (iv) the Office of the United States Trustee for the District of Delaware, 855 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801 (Attn: Linda Casey (Linda.Casey@usdoj.gov)).

(e)   As soon as reasonably practicable after the completion of the Auction, the Debtors shall file with the Court a notice identifying the Winning Bidder (a "Notice of Winning Bidder"), which shall set forth, among other things, (i) the Winning Bidder and Back-Up Bidder (if any) and the amount of each of the Winning Bid and the Back-Up Bid (if any), (ii) the Selected Purchased Contracts, and (iii) the proposed assignee(s) of such Selected Purchased Contracts.

6

(f) As soon as reasonably practicable after the completion of the Auction, the Debtors will cause to be served by overnight mail and, if available, electronic mail, upon each affected Counterparty and its counsel (if known) the Notice of Winning Bidder.

(g) At the Sale Hearing, the Debtors will seek Court approval of the assumption and assignment to the Stalking Horse Purchaser or, in the event the Stalking Horse Purchaser is not the Winning Bidder, then to the Winning Bidder, of only those Purchased Contracts that have been selected by the Stalking Horse Purchaser or, in the event the Stalking Horse Purchaser is not the Winning Bidder, then the Winning Bidder, to be assumed and assigned (each, a "Selected Purchased Contract," and collectively, the "Selected Purchased Contracts"). The Debtors and their estates reserve any and all rights with respect to any Purchased Contracts that are not ultimately designated as Selected Purchased Contracts.

(h) To the extent that the parties are unable to consensually resolve any Contract Objection prior to the commencement of the Sale Hearing, including, without limitation, any dispute with respect to the cure amount required to be paid to the applicable Counterparty under section 365(b)(1)(A) and (B) of the Bankruptcy Code (any such dispute, a "Cure Dispute"), such Cure Dispute will be adjudicated at the Sale Hearing or at such other date and time as may be determined by the Debtors, in consultation with Winning Bidder, or fixed by the Court.

(i) Notwithstanding anything to the contrary herein, if after the Sale Hearing or the entry of the Sale Order additional executory contracts or unexpired leases of the Debtors are determined to be Purchased Contracts, as soon as practicable thereafter, the Debtors shall file with the Court and serve, by regular mail, on the Counterparties an Assumption Notice, and such Counterparties shall file any Contract Objections (including with respect to adequate assurance of future performance of the Stalking Horse Purchaser or, in the event the Stalking Horse Purchaser is not the Winning Bidder, then of the Winning Bidder) not later than fourteen (14) days thereafter.

9. The Assumption and Assignment Procedures are appropriate and fair to all Counterparties and comply in all respects with the Bankruptcy Code, the Bankruptcy Rules and the Local Rules. The Assumption Notice is: (a) reasonably calculated to (i) provide sufficient, effective notice to all Counterparties and any other affected parties of the Debtors' intent to assume and assign to the Stalking Horse Purchaser or, in the event the Stalking Horse Purchaser is not the Winning Bidder, then to the Winning Bidder, some or all of the Purchased Contracts, and (ii) afford the Counterparties the opportunity to exercise any rights affected by the Motion and the

relief granted by this Order pursuant to Bankruptcy Rules 2002(a)(2), 6004 and 6006; and (b) hereby approved.

10.     The inclusion of a contract, lease or other agreement on an Assumption Notice shall not constitute or be deemed a determination or admission by the Debtors and their estates or any other party in interest that such contract, lease or other agreement is, in fact, an executory contract or unexpired lease within the meaning of the Bankruptcy Code, and any and all rights of the Debtors and their estates with respect thereto shall be reserved.

11.     The Sale Notice, the Assumption Notice, the Bidding Procedures, the Auction, the Sale Hearing, and the Assumption and Assignment Procedures and the objection periods associated with each of the foregoing are reasonably calculated to provide notice to any affected party and afford the affected party the opportunity to exercise any rights affected by the Motion as it relates to the Bidding Procedures, the Auction, the Sale, the Sale Hearing, and the assumption and assignment to the Stalking Horse Purchaser or, in the event the Stalking Horse Purchaser is not the Winning Bidder, then to the Winning Bidder, of the Purchased Contracts pursuant to Bankruptcy Rules 2002(a)(2), 6004 and 6006, and such notice and objection periods are hereby approved.

12.     The Sale Notice is approved.  Within three (3) business days of the entry of this Order, the Debtors shall serve the Sale Notice by regular mail on:  (a) the Office of the United States Trustee for the District of Delaware; (b) counsel to the Stalking Horse Purchaser, DIP Lender, and Prepetition Lender; (c) all parties known by the Debtors to assert a lien or encumbrance on any of the Purchased Assets ; (d) all persons known or reasonably believed to have asserted an interest in or claim to any of the Purchased Assets ; (e) all persons known or reasonably believed to have expressed an interest in acquiring all or a substantial portion of the

Purchased Assets within the one (1) year prior to the Petition Date; (f) the Office of the United States Attorney for the District of Delaware; (g) the Office of the Attorney General in each state in which the Debtors have operated; (h) the Office of the Secretary of State in each state in which the Debtors have operated; (i) the Internal Revenue Service and all state and local taxing authorities in the states in which the Debtors have or may have any tax liability; (j) all environmental authorities having jurisdiction over any of the Purchased Assets , including the Environmental Protection Agency; (k) the Federal Trade Commission; (l) the United States Attorney General/Antitrust Division of Department of Justice; (m) all non-Debtor parties to any of the Purchased Contracts; (n) all of the Debtors' other known creditors and equity security holders; (o) Lam; and (p) all other parties that have filed a notice of appearance and demand for service of papers in the chapter 11 cases as of the service date (collectively, the "<u>Sale Notice Parties</u>").

13. Within seven (7) business days of the entry of this Order, the Debtors shall cause the Sale Notice to be published once in the national edition of *USA Today* or another nationally circulated newspaper, with any modifications necessary for ease of publication. Publication of the Sale Notice as described in this Order conforms to the requirements of Bankruptcy Rules 2002(l) and 9008, and is reasonably calculated to provide notice to any affected party, including any Potential Bidders, and afford the affected party the opportunity to exercise any rights affected by the Motion and the relief granted by this Order.

14. Any objections to the Sale or the relief requested in connection with the Sale (a "<u>Sale Objection</u>"), other than a Contract Objection, which shall be governed by the Assumption and Assignment Procedures, must: (a) be in writing; (b) comply with the Bankruptcy Rules and the Local Rules; (c) set forth the specific basis for the Sale Objection; (d) be filed with the Clerk of this Court, 824 N. Market Street, 3rd Floor, Wilmington, Delaware 19801 **on or before 4:00**

**p.m. (ET) on October 11, 2021** (the "Sale Objection Deadline"), and proof of service of such Sale Objection upon the Objection Notice Parties shall be filed with the Court as and when required by the Local Rules; and (e) be served upon the Objection Notice Parties. If a Sale Objection is not filed and served on or before the Sale Objection Deadline in accordance with the foregoing requirements, the objecting party may be barred from objecting to the Sale and being heard at the Sale Hearing, and this Court may enter the Sale Order without further notice to such party. Nothing in this Order shall waive, prejudice or impair Lam's right to file a Sale Objection or the rights of the Debtors or Tor to contest that Sale Objection.

15. As part of their bid, by the Bid Deadline, the Stalking Horse Purchaser and each Qualifying Bidder must provide the Debtors and the other Bidding Procedures Notice Parties, (a) a list of their respective Selected Purchased Contracts and (b) information supporting the Qualifying Bidder's ability to comply with the requirements of adequate assurance of future performance under section 365(f)(2)(B) and, if applicable, section 365(b)(3) of the Bankruptcy Code (the "Adequate Assurance Information"), including (a) the Qualifying Bidder's financial wherewithal and willingness to perform under any contracts and leases that are assumed and assigned to such Qualifying Bidder; and (b) a contact person for the proposed assignee that the applicable Counterparty of Selected Purchased Contracts may directly contact in connection with the Adequate Assurance Information. To the extent that the Stalking Horse Purchaser or a Qualifying Bidder is a newly formed acquisition entity or the like, the financial and other information supporting the Qualifying Bidder's financial wherewithal shall include financial and other information supporting the financial wherewithal of the Stalking Horse Purchaser's or Qualifying Bidder's parent company or sponsor.

62815/0001-40976331v8

16. Any party in receipt of Adequate Assurance Information under this Order shall review the Adequate Assurance Information received on a confidential basis. Any objection with respect to whether adequate assurance of future performance as required under section 365(f)(2)(B) and, if applicable, section 365(b)(3) of the Bankruptcy Code has been provided (the "Assignment Objection") that contains confidential, non-public Adequate Assurance Information must be filed under seal unless disclosure of such confidential, non-public information is authorized by the Debtors and the applicable assignee(s). The party filing an Assignment Objection under seal shall follow the procedures for the same set forth in Local Rule 9018-1(d). The unredacted versions of such Assignment Objections shall be served upon the Debtors and the other Bidding Procedures Notice Parties and the U.S. Trustee, with a copy to the Court's chambers; *provided further* that all rights of all parties in interest in the Chapter 11 cases are reserved to oppose the filing under seal of any such information and to seek any other relief from this Court with respect to such matter.

17. The Stalking Horse Purchaser shall be deemed to be a Qualifying Bidder and the Stalking Horse APA is deemed to be a Qualifying Bid. Subject to the DIP Order, the Stalking Horse Purchaser is credit bidding pursuant to 11 U.S.C. § 363(k), and thus is not required to make a Deposit (as defined below) with the Debtors. Subject to Paragraph 42 of the DIP Order, the Stalking Horse Purchaser shall have the unqualified right at any time to credit bid on a dollar-for-dollar basis up to the full amount of the Prepetition Obligations and the DIP Obligations (as each term is defined in the DIP Order).

18. If no timely Qualifying Bids other than the Stalking Horse APA are submitted on or before the Bid Deadline, the Debtors shall not hold an Auction and shall request at the Sale Hearing that this Court approve the Stalking Horse APA and the transactions contemplated

11

thereunder.  If the Debtors timely receive one or more Qualifying Bids other than the Stalking Horse APA, then the Debtors shall conduct the Auction on **October 7, 2021 at 10:00 a.m. (ET)**, at the offices of Cole Schotz P.C., 500 Delaware Avenue, Suite 1410, Wilmington Delaware 19801, or virtually via telephone and/or video conference pursuant to information to be timely provided by the Debtors to the Auction Participants (as defined below).  Only the Debtors, the Auction Bidders (including the Stalking Horse Purchaser), the DIP Lender and Prepetition Lender, and any creditors of the Debtors, together with the professional advisors to each of the foregoing parties, may attend the Auction (collectively, the "Auction Participants"); *provided* that any such creditors provide counsel for the Debtors written notice via email to fyudkin@coleschotz.com of their intent to attend the Auction no later than 5:00 p.m. (ET) the day prior to the Auction.

19. The Debtors shall have until **October 21, 2021 at 4:00 p.m. (ET)** to file and serve a reply to any objection filed in connection with the Sale.

20. The Sale Hearing shall be held in this Court on **October 26, 2021 at 10:00 a.m. (ET)**, unless otherwise determined by this Court.  The Sale Hearing may be adjourned by the Debtors, in consultation with the DIP Lender, Prepetition Lender, and the Stalking Horse Purchaser or, in the event the Stalking Horse Purchaser is not the Winning Bidder, then in consultation with the Winning Bidder, from time to time without further notice to creditors or other parties in interest other than by announcement of the adjournment in open court on the date scheduled for the Sale Hearing, or by filing a hearing agenda or notice on the docket of the chapter 11 cases.

21. In the event that there is a conflict between this Order or the Bidding Procedures, on the one hand, and the Motion, the Stalking Horse APA, or an Alternative APA, on the other hand, this Order and the Bidding Procedures shall control and govern.  If there is a conflict between

this Order and the Bidding Procedures, this Order shall control and govern. If there is a conflict between this Order or the Bidding Procedures, on the one hand, and any notice served in connection with the Motion or this Order, on the other hand, this Order and the Bidding Procedures shall control and govern.

22. Prior to mailing the Assumption Notice and the Sale Notice, as applicable, the Debtors may fill in, or cause to be filled in, any missing dates and other information, correct any typographical errors, conform the provisions thereof to the provisions of this Order, and make such other, non-material changes as the Debtors deem necessary or appropriate.

23. This Order shall be effective immediately upon entry, and any stay of orders provided for in Bankruptcy Rules 6004(h) or 6006(d) or any other provision of the Bankruptcy Code, the Bankruptcy Rules or the Local Rules is expressly waived. The Debtors are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order, and may, in its sole discretion and without further delay, take any action and perform any act authorized or approved under this Order.

24. The requirements set forth in Local Rules 6004-1, 9006-1 and 9013-1 are hereby satisfied or waived.

25. Attached hereto as **Schedule A** is a summary of the key dates established by this Order.

26. This Court shall retain exclusive jurisdiction with respect to all matters arising from or related to the implementation or interpretation of the Order.

**Dated: July 21st, 2021**
**Wilmington, Delaware**

*[Signature]*
**LAURIE SELBER SILVERSTEIN**
**UNITED STATES BANKRUPTCY JUDGE**

13

62815/0001-40976331v8